IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MB FINANCIAL BANK, N.A., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 09-cv-469 |
| | ) | |
| MARSHALL INVESTMENTS CORPORATION, | ) | |
| *et al.,* | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| KRONES, INC., *et al.,* | ) | |
| | ) | |
| Third Party Defendants. | ) | |

AMBROSE, Chief District Judge

## OPINION AND ORDER

### SYNOPSIS

In this civil action, Plaintiff filed an action against several parties, including the Marshall Defendants and CIT,[1] seeking to recover losses incurred as a result of its participation in a transaction involving Le-Natures' purchase of bottling equipment. The action rests on allegedly fraudulent conduct that induced Plaintiff to enter into the transaction.

The Marshall Defendants and CIT have filed Third-party Complaints against Defendants Krones and Sommer, seeking contribution and indemnity for the claims against them. Because they are substantially similar, and Third-Party Defendants treat them collectively, the Third-Party Complaints will be treated collectively

---

[1]Defendants and Third-Party Plaintiffs are Marshall Investments Corporation, Marshall Financial, Inc., and the CIT Group/Equipment Financing and will be referred to collectively.

herein.  They allege that Sommer, as CEO of Krones, was aware of, consented to, and participated in fraudulent financial schemes and a conspiracy targeting institutions in Illinois, including the Marshall Defendants and CIT.   Sommer has moved to dismiss the Third-Party Complaint filed against him, pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(6), for both lack of personal jurisdiction and failure to state a claim.  (Docket No. 80).

For the following reasons, the Motion will be denied in part and granted in part.

**OPINION**

## I. Applicable Standards

### A. 12(b)(6)

In deciding a motion to dismiss pursuant to Rule 12(b)(6), all factual allegations, and all reasonable inferences therefrom, must be accepted as true and viewed in a light most favorable to the plaintiff.  Colburn v. Upper Darby Twp., 838 F. 2d 66, 666 (3d Cir. 1988).  In ruling a motion for failure to state a claim, I must look to "whether sufficient facts are pleaded to determine that the complaint is not frivolous, and to provide the defendants with adequate notice to frame an answer."   Id. at 666.  Complaints "need not plead law or match facts to every element of a legal theory." Weston v. Pennsylvania, 251 F. 3d 420, 429 (3d Cir. 2001).    I must look, however, to whether the complaint "contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1969, 167 L. Ed.

2d 929 (2007).  Fed. R. Civ. P. 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief."

### B. 12(b)(2)

"Because federal courts are courts of limited jurisdiction, a presumption arises that they are without jurisdiction until the contrary affirmatively appears." Donaldson v. Informatica Corp., No. 8-605, 2009 U.S. Dist. LEXIS 15528, at * 18  (W.D. Pa. Feb. 25, 2009).  "'The person asserting jurisdiction bears the burden of showing that the case is properly before the court at all stages of the litigation." Id.   Moreover, "[t]he plaintiff may not rely on the pleadings to satisfy his burden but must establish a basis for personal jurisdiction through sworn affidavits or other competent evidence." Id.  For purposes of a Rule 12(b)(2) motion, the court applies the same standard for truthfulness and inferences as in a Rule 12(b)(6) motion.  Id. at *19.

## II. Defendant's Motion

### A. Personal Jurisdiction

Plaintiff argues that Sommer has insufficient contacts with the state of Illinois, where this case was initially filed.

Because this action was initiated in Illinois, before it was transferred here pursuant to 28 U.S.C. § 1407, the jurisdictional queries must be answered with respect to that state.  Consequently, I may only exercise personal jurisdiction over Sommer to the same extent as the District Court in Illinois. See In re Latex Gloves Products Liability Litigation, MDL No. 1148, 2001 U.S. Dist. LEXIS 12757, at *6  (E.D. Pa. Aug. 22, 2001).  Essentially, Illinois' long-arm rule permits the exercise of personal

jurisdiction to the extent allowed by the due process clause of the United States

Constitution. 735 Ill. Comp. Stat. 5/2-209; God, Family & Country LLC v. Marcrest Mfg.,

No. 08-3140, 2009 U.S. Dist. LEXIS 14513, at **4-5 (C.D. Ill. Feb. 24, 2009).

> The due process clause of the fourteenth amendment of the United States limits the reach of the long-arm statutes so that a court may not assert personal jurisdiction over a non-resident who does not have "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' " The nature of these contacts must be such that the defendant should be reasonably able to anticipate being haled into court in the forum state.

Asanov v. Gholson, 209 Fed. Appx. 139, 141 (3d Cir. Pa. 2006).

In this case, Third-Party Plaintiffs argue that they have so-called "specific"

personal jurisdiction over Sommer.  Specific jurisdiction exists if the defendant

"purposefully avails itself of the privilege of conducting activities within the forum

state, thus invoking the benefit and protection of its laws," and the controversy

arises out of or is related to the defendant's contact with the forum state. Burger

King Corp. v. Rudzewicz,, 475, 105 S. Ct. 2174, 2183, 85 L. Ed. 2d 528 (1985).  Assessing

whether specific jurisdiction exists over a non-resident defendant involves a three

part inquiry.   Donaldson, 2009 U.S. Dist. LEXIS 15528, at *21.   A plaintiff must show

that defendant purposefully directed his activities at the forum state; that the claim

"arises out of or relates to" at least one of those specific activities; and that the

exercise of jurisdiction comports with "fair play and substantial justice." Id.

Moreover, our Court of Appeals directs that jurisdiction be determined on a

"defendant-specific and claim-specific basis." Miller Yacht Sales, Inc. v. Smith, 384 F.3d

93, 95 n.1 (3d Cir. 2004).

In support of specific jurisdiction, Third-Party Plaintiffs proffer two anecdotes: 1) at a trade show in Chicago, Sommer received material information regarding Le-Nature's bottling equipment, and that Le-Nature's was misrepresenting certain financial facts about the equipment; and 2) at a dinner honoring Le-Nature's and held in Chicago, Sommer informed Krones employees that they were not permitted to discuss the specific financial arrangement between Krones and Le-Nature's regarding the bottling equipment.  This directive is alleged to have been given in furtherance of the fraudulent scheme, in order to prevent the investment community from discovering the scheme.

The first prong of the specific jurisdiction analysis, as discussed above, requires that defendant purposely direct his activities to the forum state.  This means that defendant's contacts "must not be random, fortuitous, attenuated, or the result of unilateral activity of a third person or another party." Guinness Imp. Co. v. Mark Vii Distribs., 153 F.3d 607, 614 (8th Cir. 1988).  Purposeful availment means a connection with the forum state such that one "should reasonably anticipate being haled into court there." Favinger v. Power Screen Int'l Distribution, Ltd., No. 92-4069, 1993 U.S. Dist. LEXIS 6213, at * (E.D. Pa. May 12, 1993), and refers to availing oneself of the privilege of doing business in the forum.  Hanson v. Denckla, 357 U.S. 235, 253, 78 S. Ct. 1228, 1240, 2 L. Ed. 2d 1283, 1298 (1958).

The first asserted contact, Sommer's receipt of information while present in Chicago, does not constitute purposeful availment – i.e., it  involves primarily the

conduct of a person or persons other than Sommer.   The act of passively coming into possession of information, which is all that is alleged here, is difficult to characterize as purposeful in the constitutional sense.   By his receiving information while attending an event in Chicago, he cannot be said to have purposefully directed his activities toward Illinois, or have reasonably expected to litigate in that state as a result of the experience.   This act is insufficient to support a finding of jurisdiction.   Similarly, the cause of action is only tangentially related to his receipt of the information; Third-Party Plaintiffs fail to explain their cursory assertion to the contrary.   Accordingly, this contact is insufficient to support the exercise of personal jurisdiction.

I reach a similar conclusion regarding Sommer's conduct during the dinner honoring Le-Nature's.   Certainly, Sommer's alleged directive may have been "purposeful" in the dictionary sense that it was both meaningful and intentional. The law, however, requires that the purposefulness have been directed towards the privileges of conducting business in the forum, or be sufficient to create a reasonable expectation of being haled into court in the forum.   Sommer's presence at the dinner, and the directive given, do not appear to have a "substantial enough connection" with Illinois to make the exercise of jurisdiction reasonable.   With the bare facts proffered, I am unable to find that the exercise of specific jurisdiction is appropriate on these grounds.

Additionally, I note the fairly attenuated relationship between Sommer's alleged acts in Illinois and the claim at issue.   The Third-Party Complaint seeks

contribution based on Sommer's role in losses suffered by Plaintiff as the result of a complicated financing deal.  The Third-Party Plaintiffs argue that if they are liable for losses to Plaintiff, Sommer's conduct in, inter alia, making false statements, providing fictitious documents, inaccurately stating that funds had not been funneled, confirming fictitious invoices, contributed to those losses.  Both the underlying action and the Third-Party Complaint describe a series of events that is alleged to have contributed to those losses, should any losses be found.  Sommers' act at the dinner appears, on the face of the Complaint, to be an isolated or minor part of the larger course of wrongful conduct described.  Accordingly, though the act in Chicago is certainly "related to" the Third-Party Plaintiffs' contribution claim against Sommer, the connection is fairly weak.[2]

    As a final matter, I note that the fiduciary shield doctrine appears to protect Sommer from the exercise of personal jurisdiction in this matter.  The fiduciary shield doctrine bars jurisdiction over a nonresident who enters the state solely as fiduciary for another.   Rollins v. Ellwood, 565 N.E.2d 1302, 1314 (Ill. 1990).   The underpinning of the fiduciary shield doctrine is the idea that an individual should not be forced to personally defend a suit in a forum with which his only relevant contacts were acts performed for the benefit of his employer, rather than his own. Maxwell v. Vertical Networks, Inc., No. 03 C 5715, 2005 U.S. Dist. LEXIS 7619, at **43-44 (N.D. Ill. Mar. 18, 2005).  Sommer has filed an affidavit stating that he was present in

---

[2]These considerations overlap with the third prong, which addresses whether the exercise of jurisdiction would comport with fair play and substantial justice, which I need not reach here.

Illinois solely in his capacity as an employee and representative of his employer.

In opposition to this affidavit, Plaintiff argues that Sommer was present in Illinois as an employee, but gave the silencing directive in order to avoid detection of his personal role in the scheme.  It is true that the shield is unavailable if the agent was acting also, or instead, "to serve his personal interests."  Rice v. Nova Biomedical Corp., 38 F.3d 909, 912 (7th Cir. 1994).  Of course, most every employee who acts on her employer's behalf is not utterly devoid of personal motivation – i.e., to avoid termination, reprimand, or discipline, or to earn praise or compensation. The fiduciary shield doctrine, however, speaks to a potential defendant's primary motivation.  Glazer v. Quebecor World, Inc., No. 5-C-4501, 2006 U.S. Dist. LEXIS 5508, at *11 (N.D. Ill. Feb. 13, 2006).  Accordingly, secondary personal interests, such as the one allegedly held by Sommer, are not significant for the doctrine's application. Id. at *12.

I am loath, however, to conclusively dismiss the Complaint at this juncture. If a plaintiff presents factual allegations that suggest "with a reasonable particularity" the necessary "contacts between [the party] and the forum state," the plaintiff should have a right to take jurisdictional discovery.  Toys "R" Us, Inc. v. Step Two S.A., 318 F.3d 446, 456 (3d Cir. 2003).  Where the defendant is an individual, as opposed to a corporation, the presumption in favor of discovery is reduced. Shaw v. Boyd, 658 F. Supp. 89, 91 n. 1 (E.D. Pa. 1987).  Because the parties' submissions in this case suggest other potential grounds for the exercise of jurisdiction, however, and the circumstances are such that more information might buttress specific

jurisdiction, I will permit limited jurisdictional discovery.

**B.  Failure to State a Claim**

Both Third-Party Defendants also argue, however, that Third-party Plaintiff has failed to state a claim.    They assert that a claim for contribution has not been properly pleaded, because the contribution claims do not arise out of the same injury to the Plaintiff in the underlying action.[3]

The Illinois Joint Tortfeasor Contribution Act permits a right of contribution between two or more people subject to liability in tort to the same person for the "same injury...to person or property."   740 Ill. Comp. Stat. 100/2(c).    The JTCA is interpreted liberally, concomitant with that state's preference for contribution. Sompo Japan Ins., Inc. v. Nippon Cargo Airlines Co., 522 F.3d 776, 783 (7th Cir. 2008). Moreover, the JTCA permits a contribution claim if the acts were not done in concert, but were instead concurrent or successive.  Illinois v. Brockman, 592 N.E. 2d 1026, 1030 (1992).

Speaking generally, "injury" is defined as "harm or damage," and damages are "financial compensation for that loss or injury."  Oxford Univ. Press, Wordperfect X4.

Clearly, the distinction between the two can be significant, as with emotional or psychological distress.  Under certain circumstances, however, as in the case of monetary loss, injury and damages may be coextensive.    Rather than conflating

---

[3]Third-Party Defendants also argue extensively that Third-party Plaintiffs have failed to plead indemnity.  Third-Party Plaintiffs do not address their indemnity claim, and make no effort to support that claim.  Absent supporting argument or response to the Motion to Dismiss, I assume that the claim has been abandoned, and shall enter an appropriate Order.  Richardson v. Darden, 07 Civ. 6594, 2009 U.S. Dist. LEXIS 11815 (S.D.N.Y. Feb. 16, 2009).

injury and damage in this case, Third-Party Defendants blend injury with the variously described wrongful acts, many of which are alleged to have contributed to the overall injury, or loss.[4]

In this case, the underlying Plaintiff contends that, as a result of Third-Party Plaintiffs' acts or omissions with respect to a complex deal to finance Le-Nature's bottling equipment, it lost money.   In turn, Third-Party Plaintiffs claim that the fraudulent conduct of Third-Party Defendant caused or contributed to cause that monetary loss.   Under applicable pleading standards, at this early stage in the proceeding, I reject the proffered argument that Third-Party Plaintiffs fail to state a claim for contribution.

### CONCLUSION

In sum, the Motion will be denied in part.  Although the present record does not support a finding of personal jurisdiction over Sommer, I will permit limited jurisdictional discovery.  Additionally, under all applicable standards, I will not dismiss the claim for contribution.  I will, however, dismiss the claim for indemnity.

---

[4]For example, they suggest that justifiable reliance is an injury, which caused monetary damages.  Justifiably relying on an act or omission might cause harm, but is not, in itself, a harm.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MB FINANCIAL BANK, N.A., ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
|     vs. ) | Civil Action No. 09-cv-469 |
| ) | |
| MARSHALL INVESTMENTS CORPORATION, ) | |
| *et al.,* ) | |
| ) | |
|     Defendants, ) | |
| ) | |
| KRONES, INC., *et al.,* ) | |
| ) | |
|     Third Party Defendants. ) | |

AMBROSE, Chief District Judge

**ORDER**

AND NOW, this 16th day of September, it is hereby ORDERED, ADJUDGED, and DECREED that the Motion to Dismiss (Docket No. 80) is DENIED in part, without prejudice.  The parties may conduct discovery limited to the question of personal jurisdiction over Sommer. Such discovery shall be completed by November 18, 2009.

Within ten (10) days after the close of the limited discovery period, Third-Party Defendants may reassert their Motions.   In order to conserve resources, they may incorporate portions of their prior Motion or Brief, as necessary.   Third-Party Plaintiffs may file a response within ten days after the deadline for the Motion, and likewise may incorporate by reference previously filed materials.

The Motion (Docket No. 80) is GRANTED solely to the extent that Plaintiffs' claim for indemnity is dismissed.

BY THE COURT:

s/ Donetta W. Ambrose
Donetta W. Ambrose
Chief Judge, U.S. District Court